

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-2-2008

# USA v. Stocker

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3986

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Stocker" (2008). *2008 Decisions.* Paper 418.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/418

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3986
_____

UNITED STATES OF AMERICA

v.

ROY STOCKER,
Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 89-cr-00463-1)
District Judge:  Honorable James T. Giles

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 22, 2008

Before: McKEE, RENDELL and SMITH, <u>Circuit</u> <u>Judges</u>

(Filed:   October 2, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM

Roy Stocker appeals the District Court's order denying his motion for a reduction

of sentence.  For the reasons below, we will summarily affirm the District Court's order.

In February 1992, the District Court for the Eastern District of Pennsylvania sentenced Stocker to forty years in prison and eight years special parole for his conviction on drug charges. On August 29, 2006, the District Court granted Stocker's motion for correction of an illegal sentence in part and dismissed one count of the indictment without prejudice. On December 18, 2006, Stocker filed a counseled motion for a reduction in sentence under former Rule 35(b) of the Federal Rules of Criminal Procedure.[1] The District Court denied the motion for lack of jurisdiction, and Stocker filed a timely notice of appeal. Now proceeding pro se, he has also filed motions for the appointment of counsel.

We exercise plenary review over the District Court's legal conclusions. United States v. Idone, 38 F.3d 693, 695 (3d Cir. 1994). The District Court was correct that it lacked jurisdiction to reduce Stocker's sentence under former Rule 35(b). Former Rule 35(b) provides, in relevant part, that "[a] motion to reduce a sentence may be made . . . within 120 days after the sentence is imposed." The dismissal of one count in August 2006 was not an imposition of sentence which triggered the 120-day period to file a motion under former Rule 35(b). See United States v. Ferri, 686 F.2d 147 (3d Cir. 1982)(Order reducing sentence was not an imposition of sentence triggering the time to file a Rule 35(b) motion). The District Court was correct that it lacked jurisdiction to

_____

[1] Because Stocker's crimes were committed before November 1, 1987, the former version of Rule 35 is still applicable to him.

2

modify the sentence under 18 U.S.C. § 4205(b).

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order. See Third Circuit I.O.P. 10.6. Stocker's motions for the appointment of counsel are denied.